UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASAN KALKAN,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-02028-DAD-EFB<br><br>ORDER CONVERTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER INTO A MOTION FOR PRELIMINARY INJUNCTION AND GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. No. 6) |

On March 16, 2026, petitioner Hasan Kalkan filed a motion for temporary restraining order alleging that he entered the United States on June 26, 2023 with a valid J-1 nonimmigrant visa, later changed his status to that of a B-2 visitor, that status expired on April 30, 2024, petitioner filed an asylum application on June 16, 2024, on September 10, 2025 his spouse filed a Form I-130 Petition for Alien Relative on his behalf, and on January 30, 2026 ICE arrested and detained petitioner without any warning, paperwork, or legitimate reason.  (Doc. No. 6 at 2–3.) On March 18, 2026, respondents filed their opposition to the motion for temporary restraining order.  (Doc. No. 9.)  Therein, they argue that petitioner is entitled to a bond hearing but has not properly requested one such that prudential exhaustion requirements are not satisfied.  (*Id.* at 4–

/////

1

7.)  Respondents also stated that they do not oppose converting the motion for temporary restraining order into a motion for preliminary injunction and do not request a hearing on that motion.  (*Id.* at 2.)

The court finds persuasive the analysis of the district court in *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026).  There, as here, the petitioner entered the United States on a nonimmigrant visa and subsequently applied for asylum such that immigration officials were aware of the petitioner's presence, initially approved of that presence, and when the status expired, did not promptly detain the petitioner based on that expiration of status.  *Id.* at *1.  In *Kharitonova*, the court found that the petitioner had a protected liberty interest because, "[a]lthough the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."  *Id.* at *2; *see also Prior v. Andrews, et al.*, No. 1:25-cv-01131-JLT-EPG (HC), 2026 WL 698801, at *3 (E.D. Cal. Mar. 12, 2026) ("Petitioner developed a liberty interest in remaining out of custody following ICE's decision not to detain him for the past five years, despite being aware of his deportable convictions as early as February 24, 2020, when the Notice to Appear was issued.").  This analysis aligns with the Supreme Court's original reasoning for finding that parolees have a protected liberty interest. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  There, as here, the release (or decision not to detain) is "based on an evaluation[,]" allows for "a relatively normal life[,]" and as a result the parolee or petitioner "relied on at least an implicit promise" that the parole or decision not to detain will be revoked only if he fails to live up to the applicable "conditions."  *Id.*

In addition, for the same reasons stated by the undersigned in *Kharitonova* and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the petitioner similarly had a protected liberty interest, the court finds that petitioner's immediate release is the appropriate remedy for the violation here.

/////

/////

/////

2

**CONCLUSION**

For the reasons stated above,

1.     Petitioner's motion for a temporary restraining order (Doc. No. 6) is CONVERTED into a motion for preliminary injunction and GRANTED as follows:

   a.     Respondents are ORDERED to immediately release petitioner from custody;

   b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2.     Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

3.     The petition for writ of habeas corpus (Doc. No. 1) and respondents' motion to dismiss (Doc. No. 8) are REFERRED to Magistrate Judge Edmund F. Brennan for further proceedings.

IT IS SO ORDERED.

Dated:   **March 20, 2026**                          _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3